The opinion of the Court was drawn up by
Wat/con, J.
An Act of the Legislature, passed in 1858, (c. 37, § 2,) provides that when any boy between the ages *586 of eleven and sixteen years, is convicted of any one- of the offences therein described, he may be sentenced to the reform school; and that "the expense of transporting such boy to the reform school and of his subsistence and clothing during his imprisonment, shall be defrayed by the city or town where such hoy resides, if within this State, otherwise by the city or town where the offence is committed.”-
This action is to recover for expenses thus incurred; and it is objected that the action cannot be maintained, because the justice did not certify in his mittimus that the boy resided in the defendant town at the time he was convicted. The third section of the Act above referred to provides, that "it shall be the duty of the justice, before whom any boy is convicted, to certify, in his mittimus, the city or town in which such boy resides, if known; and that such certificate shall in all cases be sufficient evidence, in the first instance, to charge such city or town with the expense of such boy, not exceeding one dollar per week.”
Do these provisions have reference to the boy’s residence at the time of committing the offence, or at the time when he is committed to the reform. school ? We are satisfied that the. statute has reference to the latter; and if, after having committed an offence, and before being committed to the reform school, a boy should change his residence, it is the city or town where the boy resides when committed to the reform school, and not the city or town in which he may-have resided when he committed the offence, that is thus made liable for his support.
The justice certified in his mittimus that when the offence was committed the boy resided in Wells, but he omitted to certify where he resided at the time he committed him to the reform school. Is this omission a fatal objection to the plaintiff’s right to recover ? Clearly not. The right to recover is absolute, while the making of the certificate is conditional, depending upon the knowledge of the magistrate. Why the justice omitted to make the latter certificate does not appear. It may have been because he did not know *587 where the boy then resided, in which case it was no omission ot duty. Such omission would not authorize the Superintendent to assume that the commitment was illegal, and to refuse to receive him into the reform school; and, having received him, the law is imperative that the city or town where he resides, if within this State, at the time of such commitment, shall defray the expense of transporting him to the reform school, and of his support while there, not to exceed one dollar per week. Such certificate, if made, is one sufficient mode of proving the fact, in the first instance, but, in the opinion of the Court, it is not the only legal mode. The fact may be proved by any other competent evidence, in which case the plaintiff will be entitled to recover the same as if such a certificate had been inserted by the magistrate in his mittimus.
Such being the opinion of the Court upon the questions presented for consideration, by the agreement of the parties, the action is to stand for trial.
Appleton, C. J., Rice, Davis and Kent, JJ., concurred.